<div style="vertical-text">COAST LAW GROUP LLP</div>

1  COAST LAW GROUP LLP
2  HELEN I. ZELDES (220051)
   helen@coastlaw.com
3  AMY C. JOHNSGARD (279795)
   amy@coastlaw.com
4  ANDREW J. KUBIK (246902)
5  andy@coastlaw.com
   BEN TRAVIS (305641)
6  ben@coastlaw.com
7  1140 S. Coast Highway 101
   Encinitas, California 92024
8  Telephone: 760-942-8505
9  Facsimile: 760-942-8515

10
   | CUNEO GILBERT & LaDUCA LLP | BLOOD HURST & O'REARDON, LLP |
11 | CHARLES J. LADUCA | TIMOTHY G. BLOOD (149343) |
   | charles@cuneolaw.com | tblood@bholaw.com |
12 | 4725 Wisconsin Ave., NW | THOMAS J. O'REARDON II (247952) |
13 | Suite 200 | toreardon@bholaw.com |
   | Washington, D.C.20016 | 501 W. Broadway, Suite 1490 |
14 | Telephone: 202-789-3960 | San Diego, CA92101 |
15 | Facsimile: 202-789-1813 | Telephone: 619-339-1100 |
   | | Facsimile: 619-338-1101 |
16

17 *Attorneys for Plaintiffs and the Proposed Class*
18 [additional counsel on signature page]

19 **UNITED STATES DISTRICT COURT**
20 **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| JORDAN O'HARA, BRENT COLLINS, and OLIVIA JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation; CAMBRIDGE ANALYTICA, LLC, a Delaware limited liability company; (continued…) | CASE NO.: 8:18:cv-00571-AG-JDE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CAMBRIDGE ANALYTICA, LLC'S MOTION FOR AN ORDER WITHDRAWING MILBANK, TWEED, HADLEY & MCCLOY, LLP AS ATTORNEYS OF RECORD** |

PLAINTIFFS' OPPOSITION TO MOTION TO WITHDRAW

| | |
|---|---|
| ALEKSANDR KOGAN, an individual, STEPHEN K. BANNON, an individual, and DOES 1-10, Inclusive,<br><br>      Defendants. | Hearing Date: June 4, 2018<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Andrew Guilford |

Plaintiffs JORDAN O'HARA, BRENT COLLINS, OLIVIA JOHNSTON, ANTHONY BELL, JULIANA WATSON, and ANN KOWALESKI (hereinafter "Plaintiffs"), by and through their attorneys of record, submit the following Opposition to the Motion of Milbank, Tweed, Hadley & McCloy, LLP ("Milbank") to be Relieved as Counsel for Defendant Cambridge Analytica, LLC ("Cambridge Analytica") (Dkt # 31.)

## I. SUMMARY

Cambridge Analytica misappropriated detailed personal information of an estimated 87 million users of Facebook, Inc.'s social media platform ("Facebook") in order to manipulate the outcome of the 2016 U.S. elections. Cambridge Analytica is a Delaware limited liability company and a subsidiary of SCL Group Limited ("SCL"), a private U.K. company engaging in "British psy-ops."[1] SCL Group's website touts its 25-year history of conducting "behavioral change programs in over 60 countries."[2] As alleged in Plaintiffs' First Amended Complaint, Cambridge Analytica was formed to bring "big data and social media to an established military methodology—'information operations'—then turn it on to the U.S. Electorate."[3]

Facebook learned of Cambridge Analytica's misappropriation of its users' data in 2015, but merely requested Cambridge Analytica delete it.[4] Facebook CEO Mark Zuckerberg now admits that it has since learned (from the press, not from its own

---

[1] https://www.theguardian.com/uk-news/2018/mar/23/former-cambridge-analytica-executive-brittany-kaiser-wants-to-stop-lies.
[2] https://sclgroup.cc/home
[3] https://www.theguardian.com/news/2018/mar/17/data-war-whistleblower-christopher-wylie-faceook-nix-bannon-trump.
[4] https://www.theguardian.com/technology/live/2018/apr/10/mark-zuckerberg-testimony-live-congress-facebook-cambridge-analytica?page=with:block-5acd2206e4b0de1ce5dc9651

security audits) that Cambridge Analytica "may not have deleted the data as they had certified."[5]

On April 30, 2018, in its first and only act as counsel in this litigation, Milbank obtained a stipulation to extend the deadline for Cambridge Analytica to respond to Plaintiffs' Complaint from the same day to May 30, 2018. (Dkt.# 26.)  The following Monday, Milbank filed its motion to withdraw.

In the wake of the tremendous negative media exposure over the past several weeks, both Cambridge and SCL announced on May 2, 2018 that they were commencing insolvency proceedings in the U.K.[6]  Meanwhile, filings in the U.K. suggested its leaders were simply resuming operation under a different name or names.[7]  Emerdata Limited was incorporated in the U.K. in August 2017, when the reporting about Cambridge Analytica was gaining traction.[8]  Alexander Nix, the controversial former CEO of Cambridge Analytica, was listed for a time as a director of Emerdata.[9]  Nix now claims Emerdata is in insolvency in the U.K.[10]

Now that Cambridge Analytica is undergoing dissolution in the U.K., any misappropriated data may be sold to the highest bidder in the bankruptcy proceeding to settle its debts.[11] Dissolution in the U.K. and "pending" bankruptcy in the United States presents even more of a concern of despoliation of evidence without counsel

---

[5] https://www.theguardian.com/technology/live/2018/apr/10/mark-zuckerberg-testimony-live-congress-facebook-cambridge-analytica?page=with:block-5acd2206e4b0de1ce5dc9651
[6] https://ca-commercial.com/news/cambridge-analytica-and-scl-elections-commence-insolvency-proceedings-and-release-results-3
[7] http://fortune.com/2018/05/06/cambridge-analytica-emerdata/
[8] http://fortune.com/2018/05/06/cambridge-analytica-emerdata/
[9] http://fortune.com/2018/05/06/cambridge-analytica-emerdata/
[10] http://www.businessinsider.com/cambridge-analytica-founder-says-no-rebranding-new-name-2018-5
[11] http://www.businessinsider.com/cambridge-analyticas-data-may-be-sold-to-the-highest-bidder-in-bankruptcy-2018-5

advising the company regarding compliance with duty to preserve evidence. *See, e.g.* *Leon v. IDX Systems Corp*. (Sept. 20, 2006) 464 F.3d 951, 958.

The only cause Milbank provided for its motion is that Cambridge Analytica filed insolvency proceedings in the U.K. and "is immediately ceasing all operations" and will soon commence bankruptcy proceedings in the United States. However, bankruptcy proceedings have not been initiated. The duties of Cambridge Analytica to Plaintiffs, the proposed class members, and to this Court are not so simply wound up and obviated.

## II.    ARGUMENT

### A. Milbank's Motion Should be Denied because the Law Requires that an Artificial Entity be Represented in Court by Counsel

It is long-held law that a business entity must be represented by counsel. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 ("it has been the law for the better part of two centuries…that a corporation may appear in federal courts only through licensed counsel.")  *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (*per curiam*), cert. denied, 513 U.S. 826; Local Rule 83-2 ("A corporation may not appear in any action or proceeding *pro se*.")  "As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland*, *supra* 506 U.S. at p. 202.  Therefore, Cambridge Analytica, a limited liability company, cannot be left in propria persona in this litigation—a new attorney must be substituted in as counsel for the entity if their present counsel is to depart.

A foreseeable risk also exists that Cambridge Analytica will, either intentionally or carelessly, despoil or further disseminate data crucial to the resolution of this matter. As such, admonishing Cambridge Analytica to retain substitute counsel would be insufficient. For the same reasons, entry of a default judgment against Cambridge Analytica would fail to ensure crucial evidence in this matter is both preserved and protected.

1   It is well-settled that Counsel serves a key role in deterring spoliation of evidence. State Bar disciplinary actions, including suspension and disbarment, can be imposed on attorneys who participate in the spoliation of evidence. *Cedars-Sinai Med. Ctr. v. Sup. Ct.* (1998) 18 Cal. 4th 1, 12-13. *See* Cal. Bus. & Prof. Code § 6106. ("The commission of any act involving moral turpitude, dishonesty or corruption…constitutes a cause for disbarment or suspension.") *id*., § 6077 (attorneys subject to discipline for breach of Rules of Professional Conduct); Rules Prof. Conduct, rule 5-220 ("A member shall not suppress any evidence that the member or the member's client has a legal obligation to reveal or to produce.")  "Even if these suspicions are incorrect, a prudent lawyer will wish to avoid them and the burden of disciplinary proceedings to which they may give rise and will take affirmative steps to preserve and safeguard relevant evidence." *Cedars-Sinai Med. Ctr., supra* 18 Cal. 4th at p. 12. As such, an attorney customarily instructs its client to preserve and maintain any potentially relevant evidence, not only because it is right for the client to do so but also because the attorney recognizes that, even if the evidence is unfavorable, the negative inferences flowing from its intentional destruction are likely to be more harmful to the client than the evidence itself. *Id*. To be clear, there are no accusations of wrongdoing against counsel here; it is the prophylactic affect of having counsel involved that is of import.

**B. <u>Milbank Failed to Demonstrate Requisite Good Cause</u>**

Milbank set forth the following grounds in its motion to withdraw: (1) "SCL Elections Ltd. and certain of its and Cambridge Analytica's U.K. affiliates" (the "Company") commenced insolvency proceedings in the U.K., and the Company is ceasing all operations and the boards have appointed insolvency practitioners; (2) parallel bankruptcy proceedings will soon be commenced in "certain of the Company's U.S. affiliates" in New York; and (3) Milbank and Cambridge Analytica agree on the termination. (Dkt.# 31.) No supporting declaration was supplied.

Milbank's motion lacks the requisite good cause required for an order allowing withdrawal. Local Rule 83-2.3.1 provides a "motion for leave to withdraw must be supported by good cause." Notably lacking from the motion is *any* reason that Milbank is unable to continue to represent Cambridge Analytica during the pendency of this action, or at least until substitute counsel is appointed. There is no allegation Cambridge is unable to pay Milbank. However, even if there were, Local Rule 83-2.3.2 provides, "Failure of the client to pay agreed compensation is not necessarily sufficient to establish good cause." Cambridge Analytica's actions in the U.K. and its *purported* intent to initiate bankruptcy proceedings in the United States do not provide good cause for withdrawal of its counsel. Instead, the company's history of misleading Facebook that it deleted misappropriated data, and more recently attempting to quickly wind down just weeks after approximately 27 class action litigation complaints were filed regarding the Facebook data breach are factors that strongly support uninterrupted representation to attempt to deter unethical behavior.

Milbank further states that it gave "written notice to the client" of its motion. (Dkt.# 31.) However, Milbank did not confirm (or provide any factual support of) compliance with Local Rule 83-2.3.4 which provides, "An attorney requesting leave to withdraw from representation of an organization of any kind…must give written notice to the organization *of the consequences of its inability to appear pro se*." (Emphasis supplied.)

In addition to the above-noted deficiencies, Milbank's motion to withdraw from Cambridge Analytica's representation threatens to cause significant delays in this litigation. Such delays would prejudice the Plaintiffs and the proposed class members as well as harm the administration of justice. After all, Cambridge Analytica's responsive pleading is due on May 30, 2018. (Dkt.# 26.) Pursuant to Local Rule 83-2.3.5, "Unless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion."

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny the Motion of Milbank, Tweed, Hadley & McCloy, LLP to Withdraw as Attorneys of Record for Cambridge Analytica, LLC.

Dated: May 14, 2018                     Respectfully submitted,

**COAST LAW GROUP LLP**
HELEN I. ZELDES (220051)
AMY C. JOHNSGARD (279795)
ANDREW J. KUBIK (246902)
BEN TRAVIS (305641)

__/s/Helen I. Zeldes_____
HELEN I. ZELDES

1140 S. Coast Highway 101
Encinitas, California 92024
Telephone: (760) 942-8505
Facsimile: (760) 942-8515

**CUNEO GILBERT & LaDUCA LLP**
CHARLES J. LADUCA
4725 Wisconsin Ave., NW
Suite 200
Washington, D.C.20016
Telephone: 202-789-3960
Facsimile: 202-789-1813

**CUNEO GILBERT & LaDUCA LLP**
MICHAEL J. FLANNERY (196266)
7733 Forsyth Boulevard, Suite 1675
St. Louis, MO63105
Telephone: 314-226-1015
Facsimile: 202-789-1813

**SCHONBRUN SEPLOW HARRIS & HOFFMAN, LLP**

PAUL L. HOFFMAN (71244)
AIDAN C. McGLAZE (277270)
11543 W. Olympic Blvd
Los Angeles, CA 90064
Telephone: (310) 396-0731
Facsimile: (310)399-7040

**BLOOD HURST & O'REARDON, LLP**
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 W. Broadway, Suite 1490
San Diego, CA92101
Telephone: 619-339-1100
Facsimile: 619-338-1101

*Attorneys for Plaintiffs and the Proposed Class*