COAST LAW GROUP LLP
HELEN I. ZELDES (220051)
helen@coastlaw.com
AMY C. JOHNSGARD (279795)
amy@coastlaw.com
ANDREW J. KUBIK (246902)
andy@coastlaw.com
BEN TRAVIS (305641)
ben@coastlaw.com
1140 S. Coast Highway 101
Encinitas, California 92024
Telephone: 760-942-8505
Facsimile: 760-942-8515

| | |
|---|---|
| CUNEO GILBERT & LaDUCA LLP | BLOOD HURST & O'REARDON, LLP |
| CHARLES J. LADUCA | TIMOTHY G. BLOOD (149343) |
| charles@cuneolaw.com | tblood@bholaw.com |
| 4725 Wisconsin Ave., NW | THOMAS J. O'REARDON II (247952) |
| Suite 200 | toreardon@bholaw.com |
| Washington, D.C. 20016 | 501 W. Broadway, Suite 1490 |
| Telephone: 202-789-3960 | San Diego, CA 92101 |
| Facsimile: 202-789-1813 | Telephone: 619-339-1100 |
| | Facsimile: 619-338-1101 |

*Attorneys for Plaintiffs and the Proposed Class*
[additional counsel on signature page]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| JORDAN O'HARA, BRENT COLLINS, and OLIVIA JOHNSTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation; CAMBRIDGE ANALYTICA, LLC, a Delaware limited liability company; (continued…) | CASE NO.: 8:18:cv-00571-AG-JDE<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT FACEBOOK, INC.'S MOTION TO STAY**<br><br>Hearing Date: June 4, 2018<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Andrew Guilford |

ALEKSANDR KOGAN, an individual, STEPHEN K. BANNON, an individual, and DOES 1-10, Inclusive,

    Defendants.

COAST LAW GROUP LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION TO STAY

Plaintiffs JORDAN O'HARA, BRENT COLLINS, OLIVIA JOHNSTON, ANTHONY BELL, JULIANA WATSON, and ANN KOWALESKI (hereinafter "Plaintiffs"), by and through their attorneys of record, submit the following Opposition to the Motion of Defendant Facebook, Inc. ("Facebook") to Stay. (Dkt.# 28.)

## 1. INTRODUCTION

This litigation arises from the misappropriation, disclosure and use of an estimated 87 million Facebook users' personally identifiable information by defendants Cambridge Analytica, LLC ("Cambridge"); Aleksandr Kogan ("Kogan"); and Stephen K. Bannon ("Bannon"). The purpose of this unprecedented data mining was to manipulate the outcome of the 2016 U.S. elections, as well as potentially other and upcoming elections within the U.S. Although Facebook had knowledge of the misappropriation of its users' data in 2015, it took no steps to affirmatively confirm the data had been deleted. Facebook also failed to alert its users of the misappropriation of their data at or around the time they acquired this knowledge.

Only recently, when news of the massive data misappropriation was leaked on a large scale in the media by whistleblowers did Facebook admit they "made mistakes" and made public assurances they would change their practices and procedures. However, Facebook's promises are wholly insufficient, vague, and hollow. The personal information of 87 million Facebook users remains at large—with vastly more data still under Facebook's control and thus exposed to further breaches as a result of the negligent privacy practices that remain in place. With primary elections underway in the United States, Plaintiffs and putative class members face imminent threats that their data will be misappropriated and "weaponized" to manipulate their votes in the upcoming elections.

Facebook seeks a stay of all proceedings in this action pending a decision from the Judicial Panel on Multidistrict Litigation ("JPML") on the Motion to Consolidate and Transfer filed in MDL No. 2843.

As further set forth below, substantial immediate harm faces Plaintiffs and the other members of the proposed class. Moreover, a stay would prevent Plaintiffs from seeking immediate injunctive relief in light of these exigencies. In contrast, Facebook's arguments favor of a stay of the proceedings have, since its motion was filed, been vitiated by the Court's May 3, 2018 order extending the deadline for Facebook to respond to the Complaint to 21 days after the Court rules on Facebook's Motion to Stay. (Dkt.# 33.)

## 2. ARGUMENT

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants. The exertion of this power calls for the exercise of a sound discretion. Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "[T]he suppliant for a stay must make out a **clear case of hardship or inequity in being required to go forward**, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. North American Co.* 299 U.S. 248, 254 (1936) [emphasis added.])

"[A] district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the MDL Panel for transfer and consolidation. *Rivers v, Walt Disney Co.*, 980 F. Supp 1358, 1360 (C.D. Cal. 1997). In fact, Rule 2.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation is clear:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel pursuant to 28 U.S.C. § 1407 **does not affect or suspend orders and pretrial proceedings in any pending federal district court action** and does not limit the pretrial jurisdiction of that court.

(emphasis added).  In determining whether to stay a case pending a decision by the MDL panel, a district court typically considers three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated.  *Rivers, supra,* 980 F. Supp. at p. 1360.  As discussed below, analysis of these factors in the case at bar demonstrates a stay is not warranted.

### 2.1 The Purported Issue of Judicial Economy is Moot as Facebook's Deadline to Respond to the Complaint is After the MDL Hearing and Insufficient to Warrant a Stay in Any Event

"[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Plaintiffs are not seeking to have Facebook answer the complaint or conduct discovery prior to a ruling by the MDL.  Rather, as discussed above, per this Court's May 3, 2018 Order, Facebook's deadline to respond to the Complaint is now 21 days after the Court's ruling on Facebook's motion to stay.  The hearing on Facebook's motion to stay is on June 4, 2018, the week *after* the MDL hearing.  Therefore, Facebook's argument that a stay is required in light of the pending JPML ruling is now moot.

### 2.2 A Stay of All Proceedings Would Prejudice Plaintiffs Particularly in Light of Claims for Injunctive Relief

Importantly, Plaintiffs seek not just monetary damages, but also injunctive relief.  As such, Facebook is required to "make out a clear case of hardship or inequity."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).  The Ninth Circuit draws a sharp distinction in terms of the appropriateness of a stay where plaintiffs seek injunctive relief versus monetary relief. In *CMAX* the Ninth Circuit stated, "CMAX has not made a strong showing in support of its assertion that it will

suffer irreparable damage and a miscarriage of justice. The relief which it seeks in the district court action is money damages. A delay in the trial will delay any such recovery." *CMAX*, *supra* 300 F.2d at pp. 268-69. The *Lockyer* court distinguished *CMAX* by stating, "[u]nlike the plaintiffs in *CMAX* and *Leyva,* who sought only damages for past harm, the Attorney General seeks injunctive relief against ongoing and future harm. *Landis* cautions that "if there is even a fair possibility that the stay ... will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Lockyer*, *supra* 398 F.3d at p. 1112.

In this case, where Plaintiffs are seeking injunctive relief, *any* delay will cause them irreparable damage. Facebook has not met their burden of showing a clear case of hardship or inequity, and therefore the prejudice to Plaintiffs is sufficient to warrant denial of a stay.

### 2.3 Requiring Facebook to Adhere to the Court's Deadline to Respond to Plaintiffs' Complaint Will Cause Neither Hardship or Inequity

Facebook argues the prejudice to them will be substantial without a stay as their response to the complaint is due on May 30, the day prior to the MDL hearing. However, "being required to defend a suit, without more, does not constitute a "clear case of hardship or inequity" within the meaning of *Landis*." *Lockye*, *supra*, 398 F.3d at 1112. Moreover, Facebook's deadline to respond to the Complaint is 21 days after the Court rules on this Motion. (Dkt.# 33). Facebook's stated concern is now moot.

Facebook has not met their burden of showing hardship or inequity that would warrant a stay of all proceedings.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4
PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION TO STAY

## 3. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court deny Facebook's Motion to Stay.

Dated: May 14, 2018                    Respectfully submitted,

**COAST LAW GROUP LLP**
HELEN I. ZELDES (220051)
AMY C. JOHNSGARD (279795)
ANDREW J. KUBIK (246902)
BEN TRAVIS (305641)

  */s/ Helen I. Zeldes*
HELEN I. ZELDES

1140 S. Coast Highway 101
Encinitas, California 92024
Telephone: (760) 942-8505
Facsimile: (760) 942-8515

**CUNEO GILBERT & LaDUCA LLP**
CHARLES J. LADUCA
4725 Wisconsin Ave., NW
Suite 200
Washington, D.C. 20016
Telephone: 202-789-3960
Facsimile: 202-789-1813

**CUNEO GILBERT & LaDUCA LLP**
MICHAEL J. FLANNERY (196266)
7733 Forsyth Boulevard,
Suite 1675
St. Louis, MO 63105
Telephone: 314-226-1015
Facsimile: 202-789-1813

COAST LAW GROUP LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SCHONBRUN SEPLOW HARRIS & HOFFMAN, LLP**
PAUL L. HOFFMAN (71244)
AIDAN C. McGLAZE (277270)
11543 W. Olympic Blvd
Los Angeles, CA 90064
Telephone: (310) 396-0731
Facsimile: (310)399-7040

**BLOOD HURST & O'REARDON, LLP**
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
501 W. Broadway, Suite 1490
San Diego, CA 92101
Telephone: 619-339-1100
Facsimile: 619-338-1101

*Attorneys for Plaintiffs and the Proposed Class*

6
PLAINTIFFS' OPPOSITION TO FACEBOOK'S MOTION TO STAY