Mark C. Scarsi (SBN 183926)
mscarsi@milbank.com
MILBANK, TWEED, HADLEY & McCLOY LLP
2029 Century Park East 33rd Floor
Los Angeles, California 90067
Telephone:  (424) 386-4000
Facsimile:   (213) 629-5063

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| JORDAN O'HARA, BRENT COLLINS and OLIVIA JOHNSTON, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>FACEBOOK, INC., CAMBRIDGE ANALYTICA, LLC, ALEXSANDR KOGAN, an individual, STEPHEN K. BANNON, an individual, and DOES 1-10, Inclusive;<br><br>Defendants. | Case No. 8:18-cv-00571<br><br>**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEYS OF RECORD**<br><br>Hearing Date: June 4, 2018<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Andrew Guilford |

## I.    INTRODUCTION

On May 2, 2018, SCL Elections Ltd., a parent entity of defendant Cambridge Analytica, LLC ("CA"), and certain of its and CA's U.K. affiliates (collectively, the "Company") commenced insolvency proceedings in the U.K. Further, on May 17, 2018, parallel bankruptcy proceedings were commenced on behalf of CA and certain of the Company's U.S. affiliates in the United States Bankruptcy Court for the Southern District of New York.  The Company has ceased all operations.

In view of CA and its affiliates' pending insolvency and bankruptcy proceedings, the law firm of Milbank, Tweed, Hadley & McCloy LLP ("Milbank") moved the Court on behalf of CA to withdraw Milbank as CA's attorneys of record (the "Motion").[1]  (Dkt. No. 31.)

Good cause exists for granting the Motion.  First, as explained in the Motion, Milbank and CA agree that Milbank no longer represents CA in this litigation.  Indeed, CA notified Milbank that CA no longer requires or desires Milbank's representation, rendering it unreasonably difficult (if not impossible) for Milbank to continue to represent CA.  This alone constitutes good cause for withdrawal from representation.  Second, CA no longer has any fee arrangement with Milbank, and Milbank will thus not be compensated for any legal services performed for CA going forward.  This, too, constitutes good cause for Milbank's withdrawal from representation.

Plaintiffs O'Hara, Collins, Johnston, Bell, Watson, and Kowaleski ("Plaintiffs") opposed the Motion.  (Dkt. No. 37, hereinafter "Opp.")  Plaintiffs raise a number of concerns about the potential withdrawal of Milbank as counsel for CA.  However, as explained below, these concerns are unfounded.

---

[1] Although Milbank moved on behalf of CA based on CA's and Milbank's mutual desire and agreement that Milbank withdraw as CA's attorneys of record, Milbank submits this reply on behalf of itself only.  Milbank is not authorized to submit any reply or otherwise respond to Plaintiffs' opposition on behalf of CA.

## II.   ARGUMENT

### A.   Good Cause Exists for Granting the Motion to Withdraw

#### 1.   There Has Been a Cease in Communications Between Milbank and CA Rendering it Unreasonably Difficult for Milbank to Represent CA

It is well established that a breakdown in communications between client and attorney constitutes good cause for the attorney's withdrawal. *Einstein v. Baby Einstein Company LLC*, No. CV 07-02171, 2009 WL 10672980, * 2 (C.D. Cal. Feb. 26, 2009) (citing *Pedraza v. Alameda Unified School Dist.*, C 05-4977 VRW, 2008 WL 482846, *2 (N.D. Cal. Feb. 19, 2008) (good cause for withdrawal found where relationship between client and attorney has degenerated to the point that it would be "extremely difficult for attorney to carry out further representation effectively"); *Trustees of the Mason Tenders District Council Welfare Fund Annuity Fund v. Acoustic Technology Inc.*, No. 01-2315 DC, 2002 WL 1453835, *2 (S.D.N.Y. July 3, 2002) ("It is well established that lack of cooperation and communication by a client, and refusal to pay fees, are sufficient reasons for granting withdrawal") (internal citations omitted)).

Here, there is no doubt that such a "breakdown" has occurred.  CA notified Milbank that it no longer required or desired Milbank's representation. (Declaration of Mark C. Scarsi ("Scarsi Decl.") ¶ 3.)  Thus, as explained in the Motion, Milbank and CA agree that Milbank is no longer representing CA in this litigation.  CA no longer consults or communicates with Milbank as its counsel, and Milbank is no longer authorized to act on CA's behalf.  (*Id.* ¶ 4.)  Simply put, other than to the extent necessary for Milbank to withdraw as CA's counsel, there is *no* ongoing communication between Milbank and CA regarding this case. Milbank is not privy to confidential information regarding CA's activity in its bankruptcy matters or even in the pending litigation.  (*Id.* ¶ 5.)  This cease in communication renders it extremely and unreasonably difficult for Milbank to carry out further representation effectively.  Accordingly, the lack of

communication with CA alone constitutes good cause for Milbank's withdrawal as CA's counsel.

> ## 2. *Milbank Will Not be Compensated by CA for Legal Services Performed Going Forward*

It is also well established that failure to pay attorneys' fees constitutes good cause for withdrawal under the Rules of Professional Conduct and Local Rule 83-2.9.2.4. *See Baby Einstein*, 2009 WL 10672980, at *3 (good cause found where client failed to pay outstanding attorneys' fees and costs and was unlikely to do so any time in the near future, if at all); *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992) ("failure of a client to pay attorney's fees will serve as grounds for an attorney to withdraw") (internal citation omitted); CAL. RULES OF PROF. CONDUCT 3-700(C)(1)(f) (an attorney may seek withdrawal when a client "breaches an agreement or obligation to the member as to expenses or fees").

Here, CA has notified Milbank that it no longer requires or desires Milbank's services. (Scarsi Decl. ¶ 2.) CA no longer has any fee arrangement with Milbank. (*Id.* ¶ 6.) Thus, the Court should find that the lack of a fee arrangement between CA and Milbank, such that Milbank will not be compensated for services performed, also constitutes good cause for Milbank's withdrawal.

## B. Plaintiffs' Concerns are Unfounded

Plaintiffs cite to cases and Local Rule 83-2 for the uncontested proposition that a business entity cannot represent itself.[2] Plaintiffs then raise a number of concerns that it argues should prevent Milbank from withdrawing as counsel for CA. Plaintiffs' concerns are unfounded.

---

[2] Plaintiffs also argue that Milbank has failed to confirm compliance with Local Rule 83-2.3.4, which provides that an attorney requesting withdrawal must provide written notice to its client organization of the consequences of its inability to appear *pro se*. This purported deficiency is not fatal to the Motion. *See, e.g.*, *Baby Einstein*, 2009 WL 10672980, at *4-5 (granting counsel's motion to withdraw and ordering proof of compliance with Local Rule 83-2.3.4). The issue is moot because by this Reply, Milbank confirms that it has provided written notice to CA of the consequences of CA's inability to appear *pro se*. (Scarsi Decl. ¶ 7.)

3

1       *1.      There is No Requirement for New Counsel to Appear
2                 Prior to Milbank's Withdrawal*

3       Courts routinely allow for present counsel to withdraw from representing a

4   client prior to the appearance of new counsel for that client.   *See, e.g.*, *Baby*

5   *Einstein*, 2009 WL 10672980, at *5 (granting attorney's motion to withdraw and

6   directing client to have a new attorney appear on its behalf before answering the

7   complaint); *Life Bliss Foundation v. Sun TV Network Ltd.*, No. EDCV 13-00393-

8   VAP (SPx), 2014 WL 12613380, *3 (C.D. Cal. March 7, 2014) (same).

9       Yet, Plaintiffs argue that "a new attorney must be substituted in as counsel

10  for the entity if their present counsel is to depart."  Opp. at 3.  Plaintiffs argue that

11  counsel would serve as a prophylactic against a "foreseeable risk" that CA will

12  "despoil or further disseminate data crucial to the resolution of this matter."

13  Plaintiffs' concern is unfounded for several reasons.

14      First, in a pending putative class action arising from the same factual

15  allegations as the present case, the U.S. District Court for the Northern District of

16  California has already ordered CA to maintain all relevant evidence in its original

17  format, and to "refrain from altering, transferring, reusing, destroying, or

18  permitting the alteration, transfer or destruction of the Evidence."  *Beiner v.*

19  *Facebook, Inc.*, No. 3:18-cv-1953-vc, Dkt. No. 30 (N.D. Cal. May 4, 2018).  Thus,

20  Plaintiffs' concern is unfounded, as the court's order in *Beiner* already effectively

21  serves the prophylactic purpose of preventing spoliation or dissemination.

22      Second, Milbank cannot serve any prophylactic purpose as to CA.  As

23  explained above, there has been a cease in communication between Milbank and

24  CA, and CA no longer consults Milbank as its counsel.  Thus, denying the Motion

25  will not serve any prophylactic purpose.

26      Accordingly, there is no risk of spoliation or dissemination of evidence, and

27  the Motion should be granted irrespective of whether new counsel has appeared on

28  behalf of CA.

### 2.    *There is No Risk of Delay*

Plaintiffs correctly note that pursuant to Local Rule 83-2.3.5, "no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion" *unless* good cause is shown and the ends of justice require.

Here, as explained above, good cause exists for the Motion, and the ends of justice require that Milbank be relieved as counsel for CA. There has been a cease in communication between the parties rendering it unreasonably difficult for Milbank to continue representing CA, and it CA is not compensating Milbank for any services going forward. Thus, Local Rule 83-2.3.5 does not preclude this Court from granting the Motion.

Further, assuming *arguendo* that Local Rule 83-2.3.5 does apply, there is no risk of delay. On May 17, 2018, CA filed a petition for bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York. *See In re Cambridge Analytica LLC*, No. 18-11500-shl, Dkt. 1 (Bankr. S.D.N.Y. May 17, 2018). CA's bankruptcy filing triggers an automatic stay of the claims against CA, as a debtor, irrespective of Milbank's representation of CA. Thus, Milbank's withdrawal from representation of CA will not cause any delay prejudicial to Plaintiffs.

## III.    CONCLUSION

For the foregoing reasons, Milbank respectfully requests the Court grant the Motion to Withdraw as Attorneys of Record for Cambridge Analytica, LLC.


DATED:  May 21, 2018        Respectfully submitted,

By: /s/ Mark C. Scarsi
Mark C. Scarsi (SBN 183926)
mscarsi@milbank.com
MILBANK, TWEED, HADLEY &MCCLOY LLP
2029 Century Park East 33rd Floor
Los Angeles, California 90067
Telephone: (424) 386-4000
Facsimile: (213) 629-5063

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that a true copy of the foregoing document has been served

3    via the Court's CM/ECF system on all counsel of record on May 21, 2018.

4

5                                                              /s/ *Ashlee N. Lin*_____
                                                              Ashlee N. Lin

6
     #4810-3761-3670
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MILBANK'S MOTION TO WITHDRAW